Argued and submitted March 11, reversed and remanded August 25, 1993

COAST TIMBER, INC.,
an Oregon corporation,
*Respondent,*

*v.*

Judy McINTYRE,
Christy McIntyre and Reid McIntyre,
*Appellants.*

(90-2206; CA A73925)

858 P2d 461

Lee Aronson, Portland, argued the cause for appellants. With him on the briefs were Schulte, Anderson, DeFrancq, Downes & Carter, P.C., Portland, and W. Louis Larson and Larson and Fischer, Astoria.

Jeanyse R. Snow, Astoria, argued the cause for respondent. With her on the brief was McCallister & Snow, Astoria.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DEITS, P. J.

## DEITS, P. J.

Plaintiff brought this action against defendant Judy McIntyre (McIntyre), a real estate broker, and her two children. Plaintiff alleged that it regularly did business with McIntyre in connection with its locating and buying of timber properties and that it alerted her to a particular piece of property in which it was interested. Plaintiff asserts that defendants purchased the property for themselves, thereby breaching McIntyre's confidential relationship with plaintiff. The trial court granted plaintiff's motion for summary judgment, and imposed a constructive trust on the property in plaintiff's favor. Defendants appeal. We conclude that there are genuine issues of material fact, and reverse.

Plaintiff told McIntyre about the property in the autumn of 1989. McIntyre or her daughter, who assisted her in the real estate business, sent inquiry letters to the owners of the property in November, 1989, and again in April, 1990. There was no response to either letter. In March, 1990, plaintiff and McIntyre had a disagreement, and regular contacts between them were discontinued. In June, 1990, a neighbor of the owners of the property offered to buy it. The owners then contacted McIntyre for advice relating to the offer. Subsequently, McIntyre made an offer higher than the neighbor's, and the sale was consummated. McIntyre did not inform plaintiff that the property was for sale before she bought it.

Plaintiff relies on *Restatement (Second) Agency* § 396 (1958), and argues that McIntyre used confidential information, obtained from plaintiff during their agency relationship, to compete with plaintiff and to gain advantage for herself at plaintiff's expense. The parties agree that there is a disputed factual question about whether the agency relationship had ended by the time that defendants purchased the property. According to plaintiff, however, that question is not material, because it is undisputed that, during the relationship, it gave McIntyre the information on which she later acted to acquire the property, rather than using it on plaintiff's behalf. Defendants respond that there are questions of fact about what information plaintiff gave McIntyre, what it specifically asked her to do in connection with the property and whether there was any "causal" relationship between

the information that it gave her and her acquisition of the property after being "independently" contacted by the sellers at a later time.

We agree that those questions of fact are present in the record. However, whether they are material depends on the applicable law. The parties appear to agree that the cited *Restatement* provision applies and that, under it, a former agent *may* compete with her principal after termination of the agency relationship, but may not use information concerning "confidential matters" obtained during the agency "on [her] own account * * * in competition with the principal or to his injury," if the information was given to the agent "only for the principal's use." *Restatement (Second) Agency* § 396(b). The *Restatement* further allows the former agent "to use general information concerning the method of business of the principal and the names of the customers retained in [her] memory." We conclude that, if section 396 and the related provisions of the *Restatement* that the parties cite reflect the governing law, then the questions of fact defendants have identified are material.

Although plaintiff urges a broader reading than do defendants of the restrictions that the *Restatement* places on former agents, they do not argue that a more restrictive rule than the *Restatement* provides should be applicable to the purchase of property by a former agent who was connected with *any* efforts by the former principal to acquire the property. *See Annot.*, 20 ALR2d 1140, 1151-52 (1951); *see also Stanton v. Weber et al*, 218 Or 282, 288-90, 341 P2d 1078 (1959). We need not decide here whether the *Restatement* rule is the law of Oregon. The parties are not precluded from refining their arguments on that question on remand. The parties proceeded in this appeal, relying on the *Restatement* as the governing law, and plaintiff is not entitled to summary judgment under that standard. *See PacifiCorp v. City of Ashland*, 89 Or App 366, 370, 749 P2d 1189, *rev den* 305 Or 594 (1988).

Reversed and remanded.